UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOUSE OF SPICES (INDIA), INC.,

                      Petitioner,

               v.                     Docket No. 14-cv-06941-KPF

SRIDEVI POLAVARAPU (d/b/a Devi Snacks) and
SRIDEVI FOODS INC. (a/k/a Devi Foods Inc.
a/k/a Siri Snacks, Inc.),

                      Respondents.

## PETITIONER'S MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

    Petitioner House of Spices (India), Inc., submits this memorandum in support of its motion for summary judgment and granting the relief requested in the Petition.

    This memorandum and the accompanying papers use the following abbreviations:

| | |
|---|---|
| Dkt # | Refers by docket number to papers filed in the Court's ECF system |
| Petition | Petition to Correct and Confirm Arbitration Award dated August 22, 2014, and filed August 26, 2014 (Dkt # 1) |
| Distributor Agreement | Distributor Agreement signed April 17, 2012 (Petition Exhibit 1) |
| Award | Final Award dated July 10, 2014 (Petition Exhibit 2) |
| Soni Declaration | Declaration of Neil Soni dated October 9, 2014 (Dkt # 7) |
| Katz Declaration | Declaration of Michael Katz dated November 17, 2014 |
| Finell Declaration | Declaration of Steven Finell dated November 17, 2014 |

### Argument

### I. THE COURT SHOULD CORRECT THE
### CLAIMANT'S NAME IN THE ARBITRATION AWARD'S DECRETAL PARAGRAPHS

    The Federal Arbitration Act authorizes courts to correct an arbitration award in a few narrowly defined circumstances. These circumstances include correction of "an evident material mistake in the description of any person," 9 U.S.C. § 11(a), and "[w]here the award is imperfect in

matter of form not affecting the merits of the controversy," *id.,* § 11(c). Courts should exercise their authority to correct or modify an arbitration award "to effect the intent thereof and promote justice between the parties." *Id.* § 11 (last sentence).

In this case, respondent Sridevi Polavarapu entered into a Distributor Agreement to supply Indian-style snack foods to House of Spices, which would distribute her snack foods to retail stores (Soni Declaration ¶ 2; Award at 1–3). The Distributor Agreement named "Devi Snacks," which is the brand name of Polavarapu's products (Soni Declaration ¶ 5), as the supplier.

Polavarapu commenced the arbitration that led to the Award in House of Spices' favor. She named "Devi Snacks" as the Claimant. Because of that, the arbitrators' Award refers to "Devi Snacks" as the Claimant. Of concern to House of Spices, the Award's decretal paragraphs provide that House of Spices "shall recover from Devi Snacks" (Award at 9 ¶ 1) the net sum of $90,651.37 ($94,351.37 minus $3,700.00), *see* Award at 9 ¶¶ 1, 3.

That concerns House of Spices because "Devi Snacks" is neither the name of a legal entity nor the assumed name of a legal entity (Finell Declaration ¶ 3). Therefore, a U.S. marshal would not find a bank account, inventory, equipment, or real property, for example, in the name of non-entity "Devi Snacks" to levy upon. Marshals, with good reason, construe the judgments that they enforce strictly. Unless this Court corrects the name of the party from which House of Spices may collect the sum that the arbitrators awarded, the misnomer might prevent House of Spices from collecting the award. In the four months since the arbitrators made their award—like the two years since the Payment Agreement—Polavarapu has done nothing to suggest that she will pay her debt unless compelled by judicial process. Correcting the name, therefore, would "effect the intent" of the Award "and promote justice between the parties." 9 U.S.C. § 11.

Therefore, this Court should correct the Award to name Sridevi Polavarapu, rather than "Devi Snacks" or "Devi," as the Claimant to which the Award's decretal paragraphs refer. Alternatively, the Court could simply order that the judgment to be entered upon the award name Polavarapu as the judgment debtor, without formally correcting the Award, to carry out the Award's intent.

## II. THE COURT SHOULD CONFIRM THE ARBITRATION AWARD AS CORRECTED

Where a party to an arbitration timely applies to a court "for an order confirming the award," then "the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in" 9 U.S.C. §§ 10–11. 9 U.S.C. § 9 (emphasis added); *see Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 220 (1985).

Even if section 9 were construed to limit judicial confirmation to arbitration agreements which provide "that a judgment of the court shall be entered upon the award made pursuant to the arbitration," in our case the parties' agreement to arbitrate under the American Arbitration Association's Commercial Arbitration Rules (Distributor Agreement at 7 § 14.3) in combination with Commercial Rule R-52(c)[2] satisfy that condition. *Idea Nuova, Inc. v. GM Licensing Group, Inc.,* 617 F.3d 177, 180–81 (2d Cir. 2010).

## III. THE COURT SHOULD ENTER JUDGMENT FOR THE NET AMOUNT OF THE AWARD WITH INTEREST FROM THE DATE OF THE AWARD

The arbitrators awarded House of Spices $94,351.37 on its counterclaim (Award at 9 ¶ 1). The arbitrators decided that each side in the arbitration should bear equally the administrative costs and the arbitrators' fees; to equalize the burden, they ruled that House of Spices should reimburse "Claimant Devi Snacks" for $3,700.00 in arbitration expenses that Polavarapu paid. In fashioning the judgment to enter, the Court should deduct the $3,700.00 from the $94,351.37 awarded House of Spices, which brings Polavarapu's net obligation to $90,651.37.

The judgment against Polavarapu should also include prejudgment interest on $90,651.37 at 9% per year from July 10, 2014, which is the date of the Award. The Distributor Agreement provides that New York law governs (Distributor Agreement at 7 § 14.4). Under New York law, interest "upon the total sum awarded," from the date of the verdict or decision until entry of judgment, is "included in the judgment." N.Y. C.P.L.R. 5002. The rate of interest is 9% a year. N.Y.

---

[2]Commercial Rule R-52(c) provides: "Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

C.P.L.R. 5004. In computing interest from the date of decision until entry of judgment under N.Y. C.P.L.R. 5002, New York law treats an arbitration award is as a decision. *Lian v. First Asset Mgmt.,* 273 App. Div. 2d 163, 164, 710 N.Y.S.2d 52, 53 (1st Dep't 2000).

## Conclusion

For the reasons stated, the Court should grant the relief requested in petitioner House of Spices' Notice of Motion for Summary Judgment.

Dated: November 17, 2014 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　MICHAEL KATZ
　　　　　　　　　　　　　　　　　　　　　　　*Attorney for Petitioner*
　　　　　　　　　　　　　　　　　　　　　　　107 Cherry Street
　　　　　　　　　　　　　　　　　　　　　　　Katonah, NY 10536–1003
　　　　　　　　　　　　　　　　　　　　　　　(212) 682–6260
　　　　　　　　　　　　　　　　　　　　　　　Email: MichaelAKatz@verizon.net